**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

CHAMBERS OF
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0801
FAX (410) 962-0820
MDDAMDChambers@mdd.uscourts.gov

December 20, 2005

MEMORANDUM TO COUNSEL RE:

Wyatt v. Hudson
Civil No. AMD 05-3364

    I have thoroughly reviewed the file in this matter, including the complaint, notice of removal, motion to dismiss, and the answer of defendant Hartmann. No hearing is necessary and I have elected to rule in this informal manner.

    Of course, it requires no citation to authority to remind counsel that diversity of citizenship jurisdiction lies only if all plaintiffs are diverse from all defendants. Moreover, under the diversity statute, a limited liability company takes the citizenship of all of its members. *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir.2003). Accordingly, because, indisputably, plaintiff Nyberg Solutions, LLC, is a citizen of both Maryland and Nebraska, and because the individual plaintiffs and defendants are, respectively, also citizens of Maryland and Nebraska, removal jurisdiction does not lie on the basis of diversity.

    No doubt, defendants will contend that Nyberg Solutions, LLC, has been "fraudulently joined" in the tortious interference claim asserted in count five of the complaint. I disagree. It must be recalled that the standard for fraudulent joinder "is even more favorable to the plaintiffs 'than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6).'" *Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 424 (4th Cir.1999)(citation omitted). Furthermore, it is important to recall that the Fourth Circuit has firmly admonished that courts in this circuit "are obliged to narrowly interpret removal jurisdiction because the removal of proceedings from state courts raises 'significant federalism concerns.'" *Sonoco Products Co. v. Physicians Health Plan, Inc.,* 338 F.3d 366, 370 (4th Cir.2003)(citation omitted). Here, count five adequately alleges interference by defendants in the business relationship *between plaintiffs Wyatt and Surprenant*. Moreover, and perhaps more importantly, ignoring *the label* which plaintiffs have affixed to count five but instead focusing on *the facts alleged in the complaint* (which are taken as true at this stage), it is clear that Nyberg Solutions, LLC, as an entity, almost certainly has a colorable claim under Maryland law against defendants, e.g., conversion, misappropriation of trade secrets and/or corporate opportunities, and unfair competition, etc. No more is required to avoid an allegation of "fraudulent joinder."

    For the above reasons, the case shall be remanded for lack of jurisdiction. An Order follows.

Very truly yours,

/s/

Andre M. Davis
United States District Judge

AMD:tt